IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Megan Nichole Hanson Mosteller,<br><br>　　　　PETITIONER<br><br>v.<br><br>United States of America,<br><br>　　　　RESPONDENT | Crim. No. 4:11-cr-00270-TLW<br>C/A No. 4:14-cv-02843-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Megan Nichole Hanson Mosteller. For the reasons stated below, the Court dismisses the motion.

## I.     Factual and Procedural History

Below is the factual and procedural history of this case as set forth by the Fourth Circuit:

In September 2007, Megan and Jeremy Lewis Mosteller, Jr. (Jeremy), a lance corporal in the United States Marine Corps, were married. The couple separated about three months later, and Jeremy committed suicide in March 2008.

After Jeremy's death, Mosteller applied for and began receiving "dependency and indemnity compensation" as Jeremy's surviving spouse from the Department of Veteran Affairs (VA), in the amount of about $1,100 per month (the surviving spouse benefits). As a condition of receiving this compensation, she was required to inform the VA of any change in her marital status before the age of 57, which event would terminate her entitlement to the surviving spouse benefits. Mosteller also applied for and received about $3,000 in education benefits reserved for surviving dependents of veterans (the education benefits). Her continued receipt of the education benefits was subject to requirements that she remain unmarried and attend classes. Mosteller was obligated to notify the VA if she ceased attending classes or remarried.

In August 2008, Mosteller married David Robert Redding, Jr. Mosteller did not inform the VA of her change in marital status and continued to receive surviving spouse benefits until October 2010. Additionally, Mosteller did not inform the VA that after receiving the education benefits, she had not attended any classes.

1

The VA's Office of Inspector General instituted an investigation of Mosteller's receipt of VA benefits. This investigation led to a grand jury indictment charging Mosteller with one count of theft of government funds. Notably, the indictment charged her with theft of surviving spouse benefits but did not include any reference to the education benefits.

Mosteller's first trial began on November 1, 2011. After a witness testifying on behalf of the government made statements regarding Mosteller's receipt of the education benefits, Mosteller moved for a mistrial on the basis that her receipt of those benefits was not part of the charged conduct. The government opposed Mosteller's motion. Although the district court observed that Mosteller's receipt of the education benefits was outside the scope of the indictment, the court denied the motion for a mistrial and instead struck the testimony concerning the education benefits and offered to provide a curative instruction to the jury. Additionally, the government agreed that it would not introduce further evidence relating to the education benefits.

After a recess, however, the government informed the district court that it would be difficult to redact certain exhibits containing information relating to both the surviving spouse benefits and the education benefits. The government withdrew its opposition to Mosteller's motion for a mistrial, and stated that a superseding indictment would be filed if a mistrial was granted. The court stated that it was inclined to grant a mistrial if Mosteller agreed to waive her rights under the Speedy Trial Act until the court's January 2012 term. After the court addressed Mosteller individually, informing her of her rights under the Speedy Trial Act, Mosteller stated that she would waive her rights under the Act as a condition of the court's decision to grant a mistrial. Accordingly, on November 1, 2011, the district court declared a mistrial.

Two weeks later, the grand jury issued a superseding indictment, charging Mosteller with theft of government funds in violation of 18 U.S.C. § 641, based on her receipt of both the education benefits and the surviving spouse benefits. Although Mosteller's second trial began on February 21, 2012, well more than 70 days after the mistrial, Mosteller did not move to dismiss the superseding indictment based on a violation of the Act. The jury convicted Mosteller of the theft charge as alleged in the indictment. The district court sentenced Mosteller to serve a term of 15 months' imprisonment and three years of supervised release, and ordered that Mosteller pay restitution to the government in the amount of $32,718.62. Mosteller timely filed a notice of appeal.

On appeal, Mosteller's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious issues for appeal but questioning whether Mosteller's rights under the Fifth Amendment's Double Jeopardy Clause were violated. Mosteller filed a pro se supplemental brief contending, among other things, that her rights under the Speedy Trial Act were violated. This Court directed that counsel for the government and Mosteller file supplemental briefs addressing the statutory

speedy trial issue.

*United States v. Mosteller*, 741 F.3d 503, 504–06 (4th Cir. 2014) (footnote omitted).

Although Petitioner consented, the Fourth Circuit concluded that she was not required to waive her rights under the Speedy Trial Act as a condition of granting a mistrial because a defendant may not waive application of the Act for a violation that has not yet occurred. *Id.* at 507 (citing *Zedner v. United States*, 547 U.S. 489, 503 (2006)). However, because she did not move for dismissal before her second trial began, she was barred from asserting a violation of the Act for the first time on appeal, and this Court's judgment was therefore affirmed. *See id.* at 509. Additionally, the Fourth Circuit reviewed the double jeopardy issue raised in appellate counsel's *Anders* brief and concluded that the retrial did not result in a double jeopardy violation because the Government did not intentionally induce her into moving for a mistrial. *Id.* at 509 n.9.

After the Fourth Circuit issued its opinion, Petitioner timely filed this pro se § 2255 motion, asserting various grounds for relief, including due process and double jeopardy violations, Sixth Amendment violations, altered evidence, judicial bias, and prosecutorial misconduct. The Government filed a response in opposition and a motion for summary judgment. She then obtained counsel, and her counsel filed a response in opposition to the Government's summary judgment motion. The Government then filed a reply.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if she proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in

3

violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.  Standard of Review

Petitioner filed this habeas action pro se. She has since retained counsel. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.  Discussion

As noted above, Petitioner set forth multiple grounds for relief in her pro se § 2255 motion, and the Government moved for summary judgment on all grounds. However, her response only addressed the double jeopardy issue.

Petitioner contends that her counsel was ineffective by failing to preserve her double jeopardy rights and by failing to move to dismiss at the second trial based on a double jeopardy violation. The question of whether her double jeopardy rights were violated has been raised to and ruled on by the Fourth Circuit. *See Mosteller*, 741 F.3d at 509 n.9 (concluding that the retrial did not result in a double jeopardy violation because the Government did not intentionally induce her into moving for a mistrial). It is well-established that issues that have been ruled on during the direct appeal may not be re-litigated under the guise of § 2255. *See United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013); *United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009); *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Because the Fourth Circuit has already concluded on direct appeal that her double jeopardy rights were not violated, she is procedurally barred from re-litigating that issue pursuant to § 2255.[1]

---

[1] As well, after consideration of the memorandum filed by Petitioner, including the affidavit of Mr. Bradley Bennett, the Court finds that the double jeopardy claim has no merit for the reasons

The Court has also considered the other grounds for relief asserted by Petitioner in her initial pro se § 2255 motion, which included due process violations, Sixth Amendment violations, altered evidence, judicial bias, and prosecutorial misconduct. The Government has analyzed these claims, and the Court finds the Government's position persuasive. After careful consideration, the Court concludes that none of these grounds are factually or legally sufficient to warrant relief for the reasons set forth by the Government in its memorandum.[2]

## V.  Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 162, is **GRANTED** and Petitioner's motion for relief pursuant to § 2255, ECF No. 150, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this motion in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that she "has made a substantial showing of the denial of a constitutional right." The Court concludes that she has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this motion. Petitioner is advised that she

---

set forth by the Fourth Circuit. Additionally, it is not relevant to the analysis that she raised the double jeopardy issue on direct appeal and now seeks to litigate the issue through the gloss of ineffective assistance of counsel. Because there was no double jeopardy violation, counsel was not ineffective in failing to litigate the issue.

[2] Additionally, the Court notes that these potential grounds for relief are at least arguably waived because her response to the Government's summary judgment motion did not address these grounds. *See, e.g.*, *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."); *see also Anderson*, 477 U.S. at 256 ("[A] party opposing a properly supported motion for summary judgment . . . must set forth specific facts showing that there is a genuine issue for trial.").

may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED**.

                                             *s/ Terry L. Wooten*
                                             Terry L. Wooten
                                             Chief United States District Judge

June 4, 2015
Columbia, South Carolina